UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**'08 CIV 7091**

COACH SERVICES, INC.

        Plaintiff,

v.

FABCO ENTERPRISES INC.; FABCO SHOES LLC;
and DAVID WEINMAN,

        Defendants.

Civil Action No.
AUG 08 2008

## COMPLAINT



Plaintiff Coach Services, Inc. ("Coach" or "Plaintiff") for its claims against Defendants

Fabco Enterprises Inc.; Fabco Shoes LLC; and, David Weinman, respectfully alleges as follows:

### JURISDICTION AND VENUE

1.      Plaintiff filed this action against defendants for trademark counterfeiting and

infringement, and unfair competition under the Lanham Trademark Act of 1946, 15 U.S.C.

§1114 and 1125 respectively (the "Lanham Act") and related claims of unfair competition and

trademark infringement dilution under the statutory and common law of the State of New York.

This Court has subject matter jurisdiction over the Federal trademark counterfeiting and

infringement and unfair claims pursuant to 28 U.S.C. §§1121(a), 1331, 1338(a) and 1367.

2.      This Court has supplemental jurisdiction over the claims in this Complaint which

arise under state statutory and common law pursuant to 28 U.S.C. § 1367(a), since the state law

claims are so related to the federal claims that they form part of the same case or controversy and

derive from a common nucleus of operative fact.

3.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and

1392(a).

## THE PARTIES

4.      Plaintiff Coach is a corporation organized and existing under the laws of the state of Maryland with an office and principal place of business in New York, New York.

5.      Upon information and belief, Defendant Fabco Enterprises Inc. is a corporation organized and existing under the laws of the state of New York with an office and principal place of business at 52-55 74th Street, Elmhurst, New York 11373. Defendant Fabco Enterprises Inc. is subject to the jurisdiction of this Court pursuant to the laws of this state and rule 4 of the Federal Rules of Civil Procedure.

6.      Upon information and belief, Fabco Shoes LLC is a New York limited liability company with an office and principal place of business at 52-55 74th Street, Elmhurst, New York 11373. Defendant Fabco Shoes, LLC is subject to the jurisdiction of this Court pursuant to the laws of this state and rule 4 of the Federal Rules of Civil Procedure.

7.      Upon information and belief, Defendant David Weinman is an individual and is the conscious, dominant and active force behind the wrongful acts of Defendants Fabco Enterprises Inc. and Fabco Shoes LLC, which wrongful acts he engaged in for his own individual gain and benefit and for the benefit of Fabco Enterprises Inc. and Fabco Shoes LLC. Defendant David Weinman is subject to the jurisdiction of this Court pursuant to the laws of this State and Rule 4 of the Federal Rules of Civil Procedure. Defendants Fabco Enterprises Inc. and Fabco Shoes LLC and Simon David Weinman will hereinafter be collectively referred to as "Defendant".

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

### A.      COACH's Family of Trademarks, Logos, and Designs

8.      Coach was founded more than sixty years ago as a family-run workshop in a Manhattan loft.  Since that time, Coach has been engaged in the manufacture, marketing, and sale of fine leather and mixed material products including handbags, wallets, travel cases, briefcases, planners and diaries, leather goods, watches, eyewear, footwear, apparel, and accessories.

9.     Coach is the worldwide owner of the trademark "COACH" and various composite trademarks and assorted design components (collectively, the "Coach Trademarks"). The Coach trademarks include, but are not limited to, the following marks:

| Mark | Reg No. | Reg. Date |
|---|---|---|
| COACH | 751, 493 | 6/25/63 |
|  | 1,071,000 | 8/9/77 |
|  | 2,088,706 | 8/19/97 |
|  "Coach & Lozenge Design" | 1,070,999 | 8/9/77 |
|  | 1,309,779 | 12/18/84 |
|  | 2,045,676 | 3/18/97 |
|  "CC Design" | 2,626,565 | 9/24/02 |

10.    Coach has long been manufacturing and selling in interstate commerce high quality leather and mixed material products under the Coach Trademarks. The U.S. Trademark for the Coach Trademarks registrations are valid and subsisting and are incontestable. Through longstanding use, advertising and registration, the Coach Trademarks have achieved a high degree of consumer recognition and constitute famous marks.

11.    Coach and its predecessors have continuously used the Coach Trademarks in interstate commerce in connection with the sale, distribution, promotion, and advertising of its goods for four decades.

12.    Coach has used the CC Design trademark in association with the sale of handbags and other leather and/or mixed material goods since as early as 2001.

13.     Coach and its predecessors have achieved sales volumes of over two billion dollars annually from goods bearing the Coach Trademarks.  As such, the Coach Trademarks and the goodwill associated therewith are valuable assets of Coach.

14.     Coach and its predecessors have expended over a hundred million dollars in advertising, promoting, and marketing goods featuring the Coach Trademarks.

15.     Due to Coach and its predecessors' long use, extensive sales, and significant advertising and promotional activities, the Coach Trademarks have achieved widespread acceptance and recognition among the consuming public and the trade throughout the United States.  The arbitrary and distinctive Coach Trademarks identify Coach as the source/origin of the goods on which it appears.

**B.     Defendant's Infringing Use of the Coach Trademarks**

16.     This lawsuit is based upon Defendant's piratical use of Coach's CC Design Trademark (U.S. Trademark Registration No. 2,626,565) by manufacturing, distributing and selling at retail shoes bearing copies of such trademark, as seen in the annexed *Exhibit A*.

17.     Upon information and belief, Defendant is distributing, advertising, promoting, selling, and/or offering for sale shoes bearing counterfeit reproductions of at least one the Coach Trademarks throughout Defendant's chain of FABCO retail shoe stores.

**COUNT I**
**TRADEMARK INFRINGEMENT UNDER 15 U.S.C. §1114**

18.     Plaintiff incorporates all prior allegations in this Count.

19.     Defendant has used spurious designations that are identical with, or substantially indistinguishable from, Plaintiff's Coach Trademarks in connection with at least the shoes shown in Exhibit A hereto.

25.     Defendant has intentionally and willfully used these infringing designations in connection with the advertising, sale, offering for sale and distribution of goods for their own

personal financial gain and such intentional and willful conduct by the Defendant makes this an exceptional case.

26.    Defendant's use of Plaintiff's Coach Trademarks to advertise and offer for sale goods was and is without the consent of Plaintiff.

27.    Defendant's unauthorized use of copies of the Plaintiff's Coach Trademarks on and in connection with the advertising and sale of goods constitutes Defendant's use of Plaintiff's Registered Trademarks in commerce.

28.    Defendant's unauthorized use of the Plaintiff's Coach Trademarks as set forth above is likely to:

      (a)    cause confusion, mistake and deception;

      (b)    cause the public to believe that Defendant's shoes are authorized, sponsored or approved by Plaintiff or that Defendant is affiliated, licensed, connected or associated with or in some way related to Plaintiff;

      (c)    result in Defendant unfairly benefiting from Plaintiff's advertising and promotional efforts and profiting from the reputation Plaintiff has built up under the Coach Trademarks all to the substantial and irreparable injury of the public, Plaintiff and Plaintiff's Coach Trademarks and the substantial goodwill represented thereby.

29.    Defendant's acts as aforesaid constitute trademark Infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. §1114.

29.    Plaintiff has no adequate remedy at law and has suffered and continues to suffer irreparable harm and damage as a result of Defendant's acts as aforesaid in an amount not thus far determined but believed to be in excess of One Million Dollars ($1,000,000).

30.    Defendant's infringing acts will continue unless enjoined by this Court.

5

## COUNT II
## FALSE DESIGNATIONS OF ORIGIN, FALSE DESCRIPTIONS
## AND REPRESENTATIONS UNDER 15 U.S.C. §1125(a)

31.    Plaintiff incorporates all prior allegations in this count.

32.    Defendant has, in connection with their goods, used in commerce, and continues to use in commerce copies of Plaintiff's Coach Trademarks.

33.    Defendant has affixed, applied and used in connection with their sale of goods, false designations of origin and false and misleading descriptions and representations, including copies of at least one of Plaintiff's Coach Trademarks, which tend falsely to describe the origin, sponsorship, association or approval by Plaintiff of the goods sold by the Defendant.

34.    Defendant use of copies of one or more of the Plaintiff's Coach Trademarks with full knowledge of the falsity of such designations of origin, descriptions and representations is all to the detriment of Plaintiff.

35.    Defendant's use of copies of Plaintiff's Coach Trademarks in association with their retail sale of shoes constitutes false descriptions and representations tending to falsely describe or represent Defendant as being authorized, sponsored, affiliated or associated with Plaintiff.

36.    Defendant use of copies of one or more of  Plaintiff's Coach Trademarks is with the express intent to cause confusion and mistake, to deceive and mislead the purchasing public, to trade upon the high quality reputation of Plaintiff and to improperly appropriate to themselves the valuable trademark rights of Plaintiff.

37.    Defendant's aforesaid acts constitute the use in commerce of false designations of origin and false and/or misleading descriptions or representations, tending to falsely or misleadingly describe and/or represent Defendant's products and/or services as those of Plaintiff

in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

38.    Defendant's wrongful acts will continue unless enjoined by this Court.

39.    Plaintiff has no adequate remedy at law.

40.    Plaintiff is suffering irreparable harm and damage as a result of the aforesaid acts of Defendant in an amount thus far not determined but believed to be in excess of One Million Dollars ($1,000,000).

**COUNT III**
**COMMON LAW TRADEMARK INFRINGEMENT**

41.    Plaintiff incorporates all prior allegations in this Count.

42.    Defendant's acts previously alleged herein constitute common law trademark infringement.

43.    Plaintiff is without an adequate remedy at law, as Defendant's acts have caused Plaintiff irreparable harm to its business reputation, good will and stature in the business community.

44.    Plaintiff is informed and believes and thereon alleges that Defendant committed the above alleged acts oppressively, fraudulently, maliciously and in conscious disregard of Plaintiff's rights, and Plaintiff is therefore entitled to exemplary and punitive damages pursuant to the common law of the State of New York in an amount sufficient to punish, deter and make an example of Defendant.

45.    The use by Defendant of copies of the Coach Trademarks is without any permission, license or other authorization from Plaintiff.

46.    Plaintiff has no adequate remedy at law and is suffering irreparable harm and damage as a result of the aforesaid acts of Defendant in an amount thus far not determined but believed to be in excess of One Million Dollars ($1,000,000).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against the Defendant as follows:

I.      That a preliminary and permanent injunction be issued enjoining and restraining Defendant and their officers, agents, servants, employees and attorneys and all those in active concert or participation with them, from:

    A.      Using any reproduction, counterfeit, copy or colorable imitation of the Plaintiff's Coach Trademarks to identify any goods or the rendering of any services not authorized by Plaintiff;

    B.      Engaging in any course of conduct likely to cause confusion, deception or mistake, or to injure Plaintiff's business reputation or dilute the distinctive quality of Plaintiff's name and Plaintiff's Coach Trademarks;

    C.      Using a false description or representation including words or other symbols tending to falsely describe or represent Defendant's unauthorized shoes or services as being those of Plaintiff or sponsored by or associated with Plaintiff;

    D.      Using any simulation, reproduction, counterfeit, copy or colorable imitation of Plaintiff's Coach Trademarks in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any unauthorized products in such fashion as to relate or connect, or tend to relate or connect, such products in any way to Plaintiff, or to any goods sold, manufactured, sponsored or approved by, or connected with Plaintiff;

    E.      Making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public; or individual members thereof, to believe that

any products distributed or sold by Defendant is in any manner associated or connected with Plaintiff, or is sold, manufactured, licensed, sponsored, approved or authorized by Plaintiff;

II.    Directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving any erroneous impression that any products and services sold or otherwise promoted by Defendant are authorized by Plaintiff or related in any way to Plaintiff.

III.    Requiring Defendant to recall all its counterfeit and piratical copies of Plaintiff's products and surrendering them to Plaintiff for destruction.

IV.    Requiring Defendant to pay to Plaintiff such damages as Plaintiff has sustained as a consequence of Defendant's infringing acts;

V.    Ordering that Plaintiff recover the costs of this action together with reasonable attorneys' and prejudgment interest in accordance with 15 U.S.C. §1117.

VI.    Directing that this Court retain jurisdiction of this action for the purpose of enabling Plaintiff to apply to the Court at any time for such further orders and interpretation or execution of any order entered in this action, for the modification of any such order, for the enforcement or compliance therewith and for the punishment of any violations thereof.

VII.    Awarding to Plaintiff such other and further relief as the Court may deem just and proper, together with the costs and disbursements which Plaintiff has incurred in connection with this action.

Dated: New York, New York

August ___8___, 2008

Respectfully submitted,
TUCKER & LATIFI, LLP
*Attorney for Plaintiff*
160 East 84th Street
New York, NY 10028
(212) 472-6262

Robert L. Tucker (RLT 1027)



**Exhibit A**





UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

COACH SERVICES, INC.

Civil Action No.

       Plaintiff,

v.

FABCO ENTERPRISES INC.; FABCO SHOES LLC;
and DAVID WEINMAN,

       Defendants.

_____

# **COMPLAINT**

**Tucker & Latifi, LLP**
*Counsel for the Plaintiffs*
160 East 84th Street
New York, NY 10028
(212) 472-6262